MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------X
CARLOS CARDOSO MEDINA, *individually*
*and on behalf of others similarly situated,*

<table>
<tr><td align="center">*Plaintiff*,</td><td align="center">**COMPLAINT**</td></tr>
<tr><td>-against-</td><td align="center">**COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)**</td></tr>
<tr><td>NJ ALE HOUSE LLC  (D/B/A BLU<br>ALEHOUSE), KOSTA GIANOPOULOS ,<br>TOM BLUME , ERIC DOE , NICK DOE ,<br>DANA DOE , and LUIS DOE ,</td><td align="center">**ECF Case**</td></tr>
<tr><td align="center">*Defendants*.</td><td></td></tr>
</table>

-------------------------------------------------------X

Plaintiff Carlos Cardoso Medina ("Plaintiff Cardoso" or "Mr. Cardoso"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against NJ Ale House LLC (d/b/a Blu Alehouse),

("Defendant Corporation"), Kosta Gianopoulos, Tom Blume, Eric Doe, Nick Doe, Dana Doe, and

Luis Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Cardoso is a former employee of Defendants NJ Ale House LLC (d/b/a Blu

Alehouse), Kosta Gianopoulos, Tom Blume, Eric Doe, Nick Doe, Dana Doe, and Luis Doe.

2.       Defendants own, operate, or control an American restaurant, located at 92 NJ-23,

Riverdale, NJ 07457 under the name "Blu Alehouse".

3.      Upon information and belief, individual Defendants Kosta Gianopoulos, Tom Blume, Eric Doe, Nick Doe, Dana Doe, and Luis Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Cardoso was employed as a cook at the restaurant located at 92 NJ-23, Riverdale, NJ 07457.

5.      At all times relevant to this Complaint, Plaintiff Cardoso worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Cardoso the additional overtime premium for any hours worked over 40 in a week.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Cardoso wages on a timely basis.

8.      Defendants' conduct extended beyond Plaintiff Cardoso to all other similarly situated employees.

9.At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cardoso and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.     Plaintiff Cardoso now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A § 34:11-56a4, *et seq*. ("NJWHL"), including, as provided for in said federal and state statues, applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Cardoso seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cardoso's state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an American restaurant located in this district. Further, Plaintiff Cardoso was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Carlos Cardoso Medina ("Plaintiff Cardoso" or "Mr. Cardoso") is an adult individual residing in Rockland County, New York.

15.    Plaintiff Cardoso was employed by Defendants at Blu Alehouse from approximately June 2020 until on or about April 19, 2021.

16.    Plaintiff Cardoso consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.    At all relevant times, Defendants owned, operated, or controlled an American restaurant, located at 92 NJ-23, Riverdale, NJ 07457 under the name "Blu Alehouse".

18.    Upon information and belief, NJ Ale House LLC (d/b/a Blu Alehouse) is a domestic limited liability company organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 92 NJ-23, Riverdale, NJ 07457.

19.    Defendant Kosta Gianopoulos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kosta Gianopoulos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Kosta Gianopoulos possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cardoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.    Defendant Tom Blume is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tom Blume is sued individually in his capacity as a manager of Defendant Corporation. Defendant Tom Blume possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cardoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.    Defendant Eric Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eric Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Eric Doe possesses operational control

over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cardoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Nick Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nick Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Nick Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cardoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Dana Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dana Doe is sued individually in her capacity as a manager of Defendant Corporation. Defendant Dana Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Cardoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Luis Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Luis Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Luis Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff

Cardoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate an American restaurant located in the Riverdale neighborhood of New Jersey.

26.     Individual Defendants, Kosta Gianopoulos, Tom Blume, Eric Doe, Nick Doe, Dana Doe, and Luis Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiff Cardoso's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cardoso, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiff Cardoso (and all similarly situated employees) and are Plaintiff Cardoso's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiff Cardoso and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendant Kosta Gianopoulos operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiff Cardoso's employers within the meaning of the FLSA and the New Jersey Wage and Hour Law. Defendants had the power to hire and fire Plaintiff Cardoso, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cardoso's services.

33.    In each year from 2020 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New Jersey.

*Individual Plaintiff*

35.     Plaintiff Cardoso is a former employee of Defendants who was employed as a cook.

36.     Plaintiff Cardoso seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Carlos Cardoso Medina*

37.     Plaintiff Cardoso was employed by Defendants from approximately June 2020 until on or about April 19, 2021.

38.     Defendants employed Plaintiff Cardoso as a cook.

39.     Plaintiff Cardoso regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.     Plaintiff Cardoso's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Cardoso regularly worked in excess of 40 hours per week.

42.     From approximately June 1, 2020 until on or about June 30, 2020, Plaintiff Cardoso worked from approximately 9:00 a.m. until on or about 5:00 p.m., 6 days a week (typically 48 hours per week).

43.     From approximately July 2020 until on or about April 19, 2021, Plaintiff Cardoso worked from approximately 9:00 a.m. until on or about 10:00 p.m., Mondays and Tuesdays, from approximately 9:00 a.m. until on or about 5:00 p.m., Wednesdays and Thursdays, from

approximately 9:00 a.m. until on or about 8:30 p.m., on Fridays, and from approximately 9:00 a.m. until on or about 5:00 p.m., on Saturdays (typically 61.5 hours per week).

44.    Throughout his employment, Defendants paid Plaintiff Cardoso his wages by check.

45.    From approximately June 2020 until on or about April 19,2021, Defendants paid Plaintiff Cardoso $17.50 per hour.

46.    Defendants never granted Plaintiff Cardoso any breaks or meal periods of any kind.

47.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cardoso regarding overtime and wages under the FLSA.

48.    In fact, Defendants adjusted Plaintiff Cardoso's paystubs so that they reflected inaccurate wages and hours worked.

49.    Defendants required Plaintiff Cardoso to purchase "tools of the trade" with his own funds—including uniforms.

*Defendants' General Employment Practices*

50.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cardoso (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

51.    Plaintiff Cardoso was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New Jersey Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

53.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cardoso (and similarly situated individuals) worked, and to avoid paying Plaintiff Cardoso properly for his full hours worked.

54.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

55.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cardoso and other similarly situated former workers.

56.     Defendants failed to provide Plaintiff  Cardoso and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

57.     Defendants failed to provide Plaintiff Cardoso and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer,.

## FLSA COLLECTIVE ACTION CLAIMS

58.    Plaintiff Cardoso brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

59.    At all relevant times, Plaintiff Cardoso and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

60.    The claims of Plaintiff Cardoso stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

61.    Plaintiff Cardoso repeats and realleges all paragraphs above as though fully set forth herein.

62.    At all times relevant to this action, Defendants were Plaintiff Cardoso's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Cardoso (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

63.    At all times relevant to this action, Defendants were engaged in commerce or in an

industry or activity affecting commerce.

64.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

65.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cardoso (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

66.     Defendants' failure to pay Plaintiff Cardoso (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67.     Plaintiff Cardoso (and the FLSA Class members) were damaged in an amount to be determined at trial.

68.     Defendants are liable to Plaintiff Cardoso in the amount of $5,000, together with costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

69.      Plaintiff Cardoso repeats and realleges all paragraphs above as though fully set forth herein.

70.     Defendants required Plaintiff Cardoso to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA 29 U.S.C. § 206(a)

71.     Plaintiff Cardoso was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cardoso respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cardoso and the FLSA Class members;

(c)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cardoso and the FLSA Class members;

(d)    Awarding Plaintiff Cardoso and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)    Awarding Plaintiff Cardoso and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)    Awarding Plaintiff Cardoso and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(g)    Awarding Plaintiff Cardoso and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(h)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Cardoso demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

June 1, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

May 10, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Carlos Cardoso Medina
Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                        10 de Mayo

*Certified as a minority-owned business in the State of New York*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a)   PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **(b)**   County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)**   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
     Plaintiff

☐ 2   U.S. Government
     Defendant

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br>   & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br>   Student Loans <br>   (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br>   of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br>   Liability <br> ☐ 320 Assault, Libel & <br>   Slander <br> ☐ 330 Federal Employers' <br>   Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br>   Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br>   Product Liability <br> ☐ 360 Other Personal <br>   Injury <br> ☐ 362 Personal Injury - <br>   Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br>   Product Liability <br> ☐ 367 Health Care/ <br>   Pharmaceutical <br>   Personal Injury <br>   Product Liability <br> ☐ 368 Asbestos Personal <br>   Injury Product <br>   Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br>   Property Damage <br> ☐ 385 Property Damage <br>   Product Liability | ☐ 625 Drug Related Seizure <br>   of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br>   28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br>   New Drug Application <br> ☐ 840 Trademark | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br>   3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br>   Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ <br>   Exchange |
| | | | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br>   Act <br> ☐ 896 Arbitration |
| | | | ☐ 710 Fair Labor Standards <br>   Act <br> ☐ 720 Labor/Management <br>   Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br>   Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br>   Income Security Act | ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br>   Accommodations <br> ☐ 445 Amer. w/Disabilities - <br>   Employment <br> ☐ 446 Amer. w/Disabilities - <br>   Other <br> ☐ 448 Education | **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br>   Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br>   Conditions of <br>   Confinement | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br>   Actions | ☐ 870 Taxes (U.S. Plaintiff <br>   or Defendant) <br> ☐ 871 IRS—Third Party <br>   26 USC 7609 | ☐ 899 Administrative Procedure <br>   Act/Review or Appeal of <br>   Agency Decision <br> ☐ 950 Constitutionality of <br>   State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
     Proceeding

☐ 2   Removed from
     State Court

☐ 3   Remanded from
     Appellate Court

☐ 4   Reinstated or
     Reopened

☐ 5   Transferred from
     Another District
     *(specify)*

☐ 6   Multidistrict
     Litigation -
     Transfer

☐ 8   Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )  |  |
| )  |  |
| )  |  |
| )  |  |
| _____ ) | |
| *Plaintiff(s)* ) |  |
| v.                                    ) | Civil Action No. |
| )  |  |
| )  |  |
| )  |  |
| _____ ) | |
| *Defendant(s)* ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |  |

_____
*Plaintiff(s)*

v.                                                    Civil Action No.

_____
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
                                                                                          .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff(s)* | ) ) ) ) | |
| v. | ) | Civil Action No. |
| _____ | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify)*:

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td align="center"><em>Plaintiff(s)</em></td><td>)</td><td></td></tr>
<tr><td align="center">v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td align="center"><em>Defendant(s)</em></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                     *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____                         _____
                                                    *Server's signature*

                                              _____
                                                    *Printed name and title*


                                              _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff(s)*<br>v.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff(s)* | ) ) ) ) | |
| v. | ) | Civil Action No. |
| | ) ) ) ) ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: